HEIRS OF PEDRO GIUSTI, INC., Plaintiff and Appellee, v. MANUEL V. DOMENECH, ETC., Defendant and Appellant.

No. 8031.   Argued April 26, 1940.—Decided May 24, 1940.

*George A. Malcolm, Attorney General,* and *M. Rodríguez Ramos,* for appellant. *Mariano Acosta Velarde* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The income tax returns for the natural year, which expired on December 31, 1929, filed by the plaintiff, showed a net income of $2,487.60. After the proper investigation, the Treasurer notified the taxpayer on May 23, 1931, about certain deficiencies which brought up the taxable net income to $11,029.30. Feeling aggrieved, the taxpayer appealed to the Board of Review and Equalization which affirmed the ruling of the Treasurer, whereupon it paid the taxes under protest and brought the present action to recover the amount collected by the defendant in excess of the sum paid by the plaintiff in accordance with its returns. It was alleged by

the plaintiff that defendant's action in striking out certain items from the sums deducted and in reducing others was arbitrary and illegal and, therefore, the additional sums collected as the result of the increase of the net income had been unlawfully collected and consequently the same should be refunded to the plaintiff.

The lower court upheld the ruling of the Treasurer which had been affirmed by the Board of Review and Equalization, with the single exception of the amount of $3,300 already deducted from a larger sum which, the plaintiff alleged, it had paid as salaries to its directors María G. de Giusti and Odette Giusti. Once this is done, a new liquidation should be made of the tax and the proper amount refunded to the plaintiff. No appeal was taken by the plaintiff. The defendant, however, has appealed and the only issue now is whether the plaintiff and appellee is entitled to deduct the sum of $3,300 from its gross income.

It was alleged by the defendant in his answer that he had made such deduction because in his opinion the amount claimed to have been paid as salaries to plaintiff's officials was arbitrary, illegal and extravagant. It is assumed by defendant that plaintiff is a family corporation and that the sums thus paid, although apparently on account of salaries, are actually a distribution of dividends.

It seems that the court *a quo* was strongly impressed by the evidence, introduced by plaintiff and admitted over the strenuous objection of defendant, to the effect that in the individual tax returns of María and Odette Giusti the latter had respectively declared as income their salaries of $6,000 and $1,200 annually received from the plaintiff for the year 1929, and that said sums had been accepted and taxes thereon collected by the Treasurer.

Disposing of this question, the trial court said:

"I consider that the sums of $1,200 and $6,000 respectively paid to Odette Giusti and María G. de Giusti, are not unreasonably ex-

cessive. In accordance with this they should have been allowed a credit on account of salaries amounting to $3,300 in plaintiff's income tax returns." (Judgment roll, p. 19.)

Further on the same court stated again in the course of its opinion:

"The fact of plaintiff being a family corporation, as alleged by defendant in his answer, does not mean that its directors and employees are not entitled to a reasonable salary or compensation if they actually render personal services to the corporation. There is no evidence that the above persons are not rendering their services to the corporation. On the contrary, Mr. Giusti testified as to the services rendered by him. *The Treasurer ought to have produced evidence in support of his contentions.*" (Italics ours.)

It is well to state here that the record fails to show the slightest evidence tending to show the kind of work, if any, undertaken in behalf of the corporation by Mrs. and Miss Giusti. In spite of such absolute absence of evidence, the trial court reached the conclusion set forth in the paragraph transcribed above.

██ The issue raised in the present appeal is not new in this jurisdiction. It was similarly raised in *Sobrinos de Izquierdo, Inc.,* v. *Sancho Bonet, Treas., ante,* p. 173. It was then stated by this court as follows:

" 'The fact that Trigo declared in his personal tax returns the same amounts that the plaintiff testified to have paid him, and the fact that the defendant had received from Trigo the tax levied on such amounts shall not prevent the Treasurer from rejecting in whole or in part the said sums as being deductible from the gross income of the plaintiff. Such facts only show that the plaintiff actually paid the sums in question, *Austin* v. *United States,* 28 F. (2d) 677, as to which we do not entertain any doubt whatever, especially if we bear in mind that in view of the status of Trigo in the plaintiff corporation it might well be said, paraphrasing Louis XIV, "I am the corporation."

" 'But this is not the issue to be settled, for although *infra vires* contracts entered into by a board of directors are presumptively valid, yet as regards salaries the fixing thereof is not conclusive as against the government, because the latter has the right by the terms of the statute to ascertain and determine whether the amount

paid as salary is actually salary or whether, on the contrary, under the cloak of salary profits are distributed. *H. L. Trimyer & Co.* v. *Noel*, 28 F. (2d) 781. The government can not, in fixing the tax upon the income of a corporation under a statute like ours which permits deduction of necessary expenses actually paid, inquire into and determine whether payments of salaries to officers of the corporation are proper as compared with services performed by them, but may attack the payment on the theory that it is not payment of salary, but distribution of profits. *United States* v. *Philadelphia Knitting Mills*, 15 A.L.R. 1313.

" 'Upon the above premises, and without losing sight of the fact that the burden of proof rests upon the plaintiff corporation to show that the amounts alleged to have been paid as salaries were part of the ordinary and necessary expenses for the maintenance and operation of the business, *Botany Worsted Mills* v. *United States*, 73 L. ed. 282, we will proceed to determine whether the plaintiff's evidence shows that the sums paid to Trigo and rejected by the Board of Review and Equalization were not distributed profits but salaries paid for necessary services actually rendered by Trigo.' "

Under the doctrine laid down in the case cited, it devolved upon the plaintiff and not upon the defendant to show that the item deducted from the salaries was part of the ordinary and necessary expenses for the maintenance and operation of its business, it not being necessary, as mistakenly held by the trial court, for the Treasurer to have to produce evidence in support of his contention. Appellee, however, urges that as the trial court concluded that the salaries in question were not "unreasonably excessive, this court is bound to accept such conclusion as a proven fact for the purpose of this appeal. If by such conclusion the court meant that the payment of said salaries, as regards the rejected part thereof, does not amount to a distribution of dividends, what evidence had it before it to warrant such conclusion?

For an appellee court to be bound by the weight given to the evidence by the trial court it is required at least that such trial court may have before it some evidence to weigh. Where, however, the absence of evidence on that particular is absolute, any conclusion reached by the lower court de-

claring a fact proven has no basis and can not stand, and in such case the conclusion reached constitutes manifest error and can not be sustained by the appellate court.

As it was incumbent upon the plaintiff to show that the sums stricken out by defendant from the item of salaries had been paid as a reasonable compensation for services actually rendered and, therefore, that it was not a distribution of profits, and it failed to so prove, the appeal must be sustained, the judgment appealed from reversed and another for the defendant rendered in lieu thereof, with costs against the plaintiff.

Mr. Justice Wolf concurs in the result.